UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR FIGUEROA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MULTI-COLOR CORPORATION, et al.,<br><br>Defendants. | Case No. 24-cv-02208-DMR<br><br>**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 17 |

Plaintiffs Victor Figueroa and Alden Perez filed this putative wage and hour class action in Napa County Superior Court against Defendant Multi-Color Corporation. [Docket No. 1 (Notice of Removal Ex. A (Compl.)).] Defendant subsequently removed the case to federal court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs moved to remand, arguing that Defendant failed to establish that the complaint satisfies CAFA's requirement that the amount in controversy exceeds $5 million. Defendant opposed. [Docket Nos. 8, 14.] Any reply was due by May 30, 2024. Plaintiffs did not file a reply. On June 24, 2024, the court denied the motion to remand, finding that Defendant had "shown that the amount in controversy is at least $5,569,308.80, which satisfies CAFA's $5 million threshold." *Id*. at 8. In relevant part, the court noted that Plaintiffs "did not file a reply and thus concede" Defendant's estimated amounts in controversy for three of the nine claims, which independently total $3,185,800. *Id*. at 4-5.

On June 27, 2024, Plaintiffs filed a "motion for leave to file a reply brief." [Docket No. 17 (Pls.' Mot.).] Plaintiffs contend that they had prepared a reply that was to be filed by the deadline but failed to file the reply "due to excusable neglect" in the form of miscommunication between plaintiffs' counsel and his legal assistant. *Id*. at 2. According to Plaintiffs, the reply

contains "crucial arguments against Defendant's assumed violation rates and damages estimates" that the court should consider when evaluating the motion to remand. *Id*. at 3, 5. Plaintiffs further argue that granting the motion will not prejudice Defendant because their reply "does not incorporate any information whatsoever from the Court's Order" on the motion to remand. *Id*. at 5.

Plaintiffs cite Federal Rule of Civil Procedure 6(b) as authority for the requested relief. That rule states in relevant part:

> **(b) Extending Time.**
>
> **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). To the extent that Rule 6(b) applies, the request is denied as moot because the court has already ruled on Plaintiffs' motion to remand.

Plaintiffs essentially ask the court to reconsider its order denying remand in light of the arguments they intended to present on reply. Accordingly, the court construes Plaintiffs' motion as a motion for leave to file a motion for reconsideration of the court's order denying remand pursuant to Civil Local Rule 7-9. Under that rule, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). Plaintiffs cannot satisfy any of these grounds. The motion for leave to file a motion for reconsideration is denied. In short, Plaintiffs failed to file a reply brief between the time it was due (May 30, 2024) and before the court ruled on the motion several weeks later on June 24, 2024. It is now too late for them to ask the court to consider arguments they could have raised had they

acted with diligence.

**IT IS SO ORDERED.**

Dated: July 16, 2024



Donna M. Ryu
Chief Magistrate Judge